(No. 4793— ▮▮▮▮▮

GEORGE FOLEY, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed January 14, 1958.*

ALLEN H. MEYER, Attorney for Claimant.

LATHAM CASTLE, Attorney General; LESTER SLOTT, Assistant Attorney General, for Respondent.

TOLSON, C. J.

On October 15, 1957, George Foley filed his complaint in the Court of Claims seeking damages in the amount of $30,000.00. He alleges that he was unjustly convicted of burglary and larceny in the Circuit Court of Sangamon County in 1933, and was thereafter released and discharged upon the record by the same court in March, 1950. He further alleges that he can prove his innocence, and that he was not released on technical grounds.

The Attorney General filed a motion to strike on the grounds that it appears on the face of the complaint that the action is barred by the statute of limitations. Claimant thereafter filed objections to the motion with suggestions.

The pleadings raise a question of first impression, as it involves the construction of a recent amendment to the Court of Claims Act. Before considering the new law, it should be pointed out that, prior to June 19, 1957, this Court found itself without jurisdiction to consider cases of this kind.

*Montgomery* vs. *State of Illinois,* 21 C.C.R. 205.
*Marcinkiewicz* vs. *State of Illinois,* 21 C.C.R. 153.
*Harrison* vs. *State of Illinois,* 21 C.C.R. 245.

In the Montgomery case, the Court held that, in the absence of a constitutional provision or a specific statute, it was without jurisdiction to consider the matter, and a motion to strike the complaint was allowed. This ruling was followed in the other two cases mentioned above.

It is of equal importance to bear in mind that the Court of Claims is a creature of statute. The Constitution prohibits the filing of any suit against the state, and it is only by statute that claims against the state may be considered by this statutory Court. It necessarily follows that this Court may not alter or expand its jurisdiction by its rules or decisions.

The following is an extract from the two sections of the Court of Claims Act, as amended and approved on June 19, 1957:

### JURISDICTION

"The Court shall have jurisdiction to hear and determine the following matters:

A. _____
B. _____

C. All claims against the state for time unjustly served in prisons of this state where the persons imprisoned prove their innocence of the crime for which they were imprisoned; provided, the Court shall make no award in excess of the following amounts: for imprisonment of 5 years or less, not more than $15,000; for imprisonment of 14 years or less but over 5 years, not more than $30,000; for imprisonment of over 14 years, not more than $35,000; and, provided further, the Court shall fix attorney's fees not to exceed 25% of the awarded granted.

D. ------------------------------

E. ------------------------------

F. ------------------------------

### LIMITATIONS

------------------------------

"Every claim cognizable by the Court arising under subsection C of Section 8 of this Act shall be forever barred from prosecution therein unless it is filed with the Clerk of the Court within 2 years after the person asserting such claim is discharged from prison, or is granted a pardon by the Governor, whichever occurs later."

------------------------------

The wording of the two sections must be construed together, as Section 8C creates a new remedy, and the limitations in Section 22 establishes the time limit within which the action must be brought.

In the instant case, we are not concerned with the construction of Section 8C, as the sole question is confined to the matter of limitations. The language of the limitations in Section 22 is clear and positive. It spells out a time limit of two years within which a claim must be filed from the date of discharge or pardon, whichever occurs later. Any complaint filed in this Court must, on its face, fall within that limitation, or it will be stricken on motion.

Counsel, in his objections to the motion to strike, urges that the new remedy is merely a codification of the heretofore existing practice of presenting claims to the Legislature for redress, and, further, it would be an

anomaly of procedure were the claimant precluded from appearing before this Court, in effect an arm of the Legislature, and still have a right to proceed before the Legislature.

As to the right of the claimant to proceed now before the Legislature, we express no opinion. However, it is patent that claimant had this right for more than seven years, and for reasons of his own did not see fit to avail himself of the opportunity.

For the reasons stated, the motion of the Attorney General is allowed.

It is, therefore, ordered that the said complaint be dismissed.